UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAEMON KING, | ) | 1:13CV2270 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE DONALD NUGENT |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| BENNIE KELLY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Daemon King ("King") has filed a petition pro se for a writ of habeas corpus, arising out of his 2011 conviction for drug trafficking and a weapon under disabililty, in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, King raised seven grounds for relief, summarized as:

1. Petitioner was denied due process of law and equal protection when trial court refused to allow him to withdraw his guilty plea.

2. Petitioner was denied due process of law and equal protection when trial court did not inform him of mandatory fine, rendering plea involuntary, unknowing and unwilling.

3. Petitioner was denied due process of law and equal protection when Ohio Court of Appeals denied his application to reopen his appeal.

4. Petitioner was denied due process of law and equal protection when appellate counsel provided ineffective assistance.

5. Petitioner was denied due process of law and equal protection when appellate counsel provided ineffective assistance.

> 6. Petitioner was denied due process of law and equal protection when appellate counsel provided ineffective assistance.
>
> 7. Petitioner was denied due process of law and equal protection when trial counsel provided ineffective assistance.

(Doc. 1, § 12.)

Currently before the court is petitioner's Motion for Summary Judgment. (Doc. 16.) King moves for summary judgment in response to the respondent's second motion for extension of time (doc. 13), which he construes as a failure to comply with the court's show cause order. (Doc. 16, at 3.) In essence, King is seeking default judgment. The respondent has since filed a Return of Writ (doc. 17), within the time permitted (doc. 14) by the court.

The respondent asks the court to deny the motion for summary judgment, pointing out that, even if the state fails to file a timely Return of Writ (which is not the case here), the petitioner is not relieved of his burden of proof. (Doc. 18, at 1.)

King is incarcerated under a 2011 state court conviction, which this court must presume valid until otherwise shown. King's habeas petition is based on alleged constitutional irregularities, but does not argue actual innocence. *See generally* doc. 1. As the Sixth Circuit has noted, "the public has a right of protection against the release of convicted criminals except where violations of constitutional rights have been established." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970); see also *Mahaday v. Cason*, 222 F.Supp.2d 918,

922 (E.D. Mich. 2002), *aff'd*, No. 05-1785, 2007 WL 1310158 (6th Cir. 2007), *cert. denied*, 552 U.S. 1198 (2008) (citing cases).

The burden to show that he is in custody in violation of the Constitution is on the petitioner. Allen, 424 F.2d at 138. Any failure to file a timely Return by the Warden would not relieve the petitioner of his burden of proof. *Id.* The Sixth Circuit has found that default judgments are not available in habeas corpus proceedings. *Allen*, 424 F.2d at 138; *Mahaday*, 222 F.Supp.2d at 921-922 (citing cases); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (citing cases) (failure to respond to claims in habeas petition does not entitle petitioner to default judgment); *Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981) (reversing grant of petition; default judgment without full inquiry into merits especially rare).

The motion for summary judgment (doc. 16) should be denied. King has yet to file a Traverse to the respondent's Return of Writ. King may file a Traverse within fifteen (15) days of the receipt of this order.

3

## RECOMMENDATION

It is recommended that the motion for summary judgment (doc. 16) be denied.


Dated:  June 4, 2014                              /s/ Kenneth S. McHargh
                                                                 Kenneth S. McHargh
                                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).