UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAEMON KING,                    )  1:13CV2270
                                )
            Petitioner          )
                                )
      v.                        )  JUDGE DONALD NUGENT
                                )  (Mag. Judge Kenneth S. Mchargh)
                                )
MAGGIE BRADSHAW,                )
       Warden,                  )
                                )
      Respondent                )  REPORT AND
                                )  <u>RECOMMENDATION</u>


McHARGH, MAG. JUDGE

        The petitioner Daemon King ("King") has filed a petition pro se for a writ of

habeas corpus, arising out of his 2011 conviction for drug trafficking and a weapon

under disability, in the Cuyahoga County (Ohio) Court of Common Pleas.  (Doc. 1.)

In his petition, King raised seven grounds for relief, summarized as:

        1.  Petitioner was denied due process of law and equal protection when
        trial court refused to allow him to withdraw his guilty plea.

        2.  Petitioner was denied due process of law and equal protection when
        trial court did not inform him of mandatory fine, rendering plea
        involuntary, unknowing and unwilling.

        3.  Petitioner was denied due process of law and equal protection when
        Ohio Court of Appeals denied his application to reopen his appeal.

        4.  Petitioner was denied due process of law and equal protection when
        appellate counsel provided ineffective assistance.

5.  Petitioner was denied due process of law and equal protection when appellate counsel provided ineffective assistance.

6.  Petitioner was denied due process of law and equal protection when appellate counsel provided ineffective assistance.

7.  Petitioner was denied due process of law and equal protection when trial counsel provided ineffective assistance.

(Doc. 1, § 12.)  The respondent has filed a Return of Writ (doc. 17), and the

petitioner filed a Traverse (doc. 20).


## I.  FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual and procedural

background:

On May 16, 2011, defendant and codefendant Katron Grays were charged with drug trafficking pursuant to a seven-count indictment. As is relevant herein, Count 1 charged defendant with carrying a concealed weapon with specifications for the forfeiture of a weapon, money, and other property.  Count 2 charged him with having a weapon while under disability with forfeiture specifications.  Count 4 FN1 charged him with possessing more than ten but less than fifty grams of heroin with forfeiture specifications.  Count 5 charged him with trafficking in more than ten but less than fifty grams of heroin. Count 6 charged defendant with possession of criminal tools with forfeiture specifications.  Count 7 charged him with trafficking in less than 200 grams of marijuana, and these charges also contained a one-year firearm specification and forfeiture specifications.

FN1.  Count 3 pertained solely to codefendant Katron Grays.

Defendant pled not guilty, but on August 3, 2011, he entered into a plea agreement with the state whereby Counts 2, 4, 6, and 7 were dismissed in exchange for his guilty plea to Counts 1 and 5 and their specifications.  In relevant part, the trial court advised defendant that

2

Count 1 charged him with carrying a concealed weapon, a fourth degree felony, carrying a sentence of six months to eighteen months of imprisonment; and Count 5 charged him with trafficking in more than ten but less than fifty grams of heroin, a second degree felony, carrying a sentence of two to eight years of imprisonment.  The court also described the specifications for the offenses, and noted that it would be imposing a three year term of postrelease control sanctions, violations of which could result in an additional prison term.  The court then stated:

There are financial obligations if you plead guilty.  You may be fined up to $15,000 for the felony 2 and up to $5,000 for the felony 4, meaning you face a total possible fine of $20,000.

I'll ask [the prosecuting attorney] because I don't have it right in front of me, * * * whether there is a mandatory fine in this case, in particular on count 5?

[PROSECUTING ATTORNEY:] I don't know, your Honor

* * *

THE COURT: I don't think there is.

Do you have an opinion, [defense attorney]?

[DEFENDANT'S TRIAL ATTORNEY:] I don't believe there is either.

THE COURT: Well, if you can look for that while I'm addressing Mr. King further, I would appreciate it * * *.

If you plead guilty today, are you pleading guilty as your own choice?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you being pressured to do this against your better judgment?

THE DEFENDANT: No.  No, Your Honor.

THE COURT: Are you pleading guilty because, in fact, you committed these crimes?

3

THE DEFENDANT: Yes, Your Honor.

The trial court then accepted defendant's guilty plea to Count 1 and Count 5 and stated:

Mr. King, first of all, I assume that your greater concern is the prison sentence, but you have the right to be accurately informed about the fine.  So I should tell you a fine of $15,000 may be mandatory—$7,500 of it may be mandatory, so you are aware.

Is there something else we should do on the record while we're here today* * *

[PROSECUTING ATTORNEY]: No Your Honor.  Thank you.

* * *

[DEFENSE ATTORNEY]: No, Your Honor.

The matter was scheduled for sentencing on September 6, 2011.  On that date, the defendant made an oral motion to withdraw his guilty plea, complaining that he believed he had pled to drug possession and was surprised to learn that he had pled to drug trafficking.  He later filed a motion to disqualify his counsel.  The trial court subsequently reviewed the transcript of the plea proceedings and held a hearing in the matter on December 22, 2011.

At the hearing to withdraw the defendant's plea, defendant's newly retained counsel questioned the prior counsel's failure to file a motion to suppress the evidence and whether he had obtained all discoverable material.  The new counsel also stated that the instant matter presented a possible double jeopardy claim insofar as the charges in the instant matter had resulted in a parole violation from a former matter.  The defense attorney stated that defendant believed that his former attorney had pursued these issues, but recently learned that he had not done so.  At the conclusion of the hearing, the trial court noted that it had thoroughly reviewed the transcript from the plea proceeding and, that at the time of the plea, defendant specifically denied being pressured to enter the plea against his better judgment and stated that he was pleading guilty because he committed those particular crimes.  The court then denied the motion to vacate the guilty plea.  Thereafter, on January 9, 2012, the trial court determined that the charge of carrying a concealed weapon in Count 1 was allied

4

with the firearm specification in Count 5 and imposed a four-year
prison term on the underlying offense along with one year on the
firearm specification for an aggregate term of five years of
imprisonment for Count 5, three years of postrelease control sanctions,
and a $7,500 fine.

(Doc.17, RX 2, at [1]-[4]; State v. King, No. 97904, 2012 WL 4018956, at *1-*2 (Ohio

Ct. App. Sept. 13, 2012).)

King filed a timely appeal of his conviction, and raised the following

assignments of error:

1.  Defendant was denied due process of law when the court refused to
allow defendant to withdraw his plea of guilty.

2.  Defendant was denied due process of law when his plea was
involuntary and the court did not properly inform defendant
concerning the requirement of a mandatory fine.

3.  Defendant was denied due process of law when the court imposed a
fine after informing defendant that a fine was not mandatory.

(Doc. 17, RX 10.)  The court of appeals affirmed the judgment of the trial court.

(Doc.17, RX 2; King, 2012 WL 4018956.)  King filed a motion for reconsideration,

which was denied by the court on Oct. 16, 2012.  (Doc. 17, RX 12, 14.)

King timely appealed to the Supreme Court of Ohio, putting forth the

following propositions of law:

1.  A defendant has been denied due process of law when a court
refuses to allow a presentence motion to withdraw a plea of guilty
where substantial grounds have been presented in support of that
motion.

2.  A defendant has been denied due process of law when a court
accepts a plea of guilty and fails to inform a defendant that a
mandatory fine was required under the law.

3.  A defendant has been denied due process of law when a court imposes a fine after informing defendant that a fine was not mandatory.

(Doc. 17, RX 16.)  On Feb. 6, 2013, the state high court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Doc. 17, RX 18; State v. King, 134 Ohio St.3d 1453, 982 N.E.2d 729 (Ohio 2013).)

King filed a Rule 26(B) application to reopen his appeal on April 23, 2013, based on ineffective assistance of appellate counsel.  (Doc. 17, RX 21.)  The court denied his application, finding it to be untimely filed, and that King had failed to demonstrate good cause for the untimely filing. (Doc. 17, RX 22; State v. King, No. 97904, 2013 WL 2286261 (Ohio Ct. App. May 22, 2013).)

The respondent asserts that King did not appeal the denial of his application under Rule 26(B) to the state high court.  (Doc. 17, at 8, 37.)  Although the record as submitted by the respondent does not include it[1], the docket of the Supreme Court of Ohio records that King filed a Notice of Appeal, and a Memorandum in Support of Jurisdiction, on July 5, 2013.  State v. King, No. 2013-1071 (filed July 5, 2013).  The court declined to accept jurisdiction of the appeal on Sept. 25, 2013.  State v. King, 136 Ohio St.3d 1495, 994 N.E.2d 465 (Ohio 2013).)

---

[1]  Although the respondent does not include it in the record provided to the court, King included the Supreme Court of Ohio's rejection of his appeal as an attachment to his petition.  *See* doc. 1, PX 1; State v. King, 136 Ohio St.3d 1495, 994 N.E.2d 465 (Ohio 2013).

6

On July 18, 2013, King filed a motion for judicial release, pursuant to Ohio Rev. Code § 2929.20(C)(2).  (Doc. 17, RX 23.)  On Aug. 8, 2013, the trial court denied the motion, finding King ineligible for the court's re-entry program "due to a number or prior prison terms."  (Doc. 17, RX 24.)

King filed a timely petition for a writ of habeas corpus with this court.  (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

7

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.


## III.  PROCEDURAL DEFAULT

Eventually, on pages 35-38 of the Return, the respondent informs the court of the contention that the third, fourth, fifth, sixth, and seventh grounds of the petition should be denied as procedurally defaulted.  (Doc. 17, at 35-38.)

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *Coleman*, 501 U.S. at 731-732; *Buell*, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. *Coleman*, 501 U.S. at 729-730; *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Morales v. Coyle*, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), *aff'd*, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice." *Buell*, 274 F.3d at 348 (quoting *Coleman*, 501 U.S. at 750); *Davie v. Mitchell*, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), *aff'd*, 547 F.3d 297 (6th Cir. 2008), *cert. denied*, 558 U.S. 996 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for her not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  *Buell*, 274 F.3d at 348 (citing *Maupin*, 785 F.2d at 138); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (quoting *Maupin*).

Any claims that King could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata.  *Coleman*, 244 F.3d at 538; *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  The Ohio rule of res judicata satisfies the first three factors in *Maupin*.  *Jacobs*, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the

10

alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by
"some objective factor external to the defense" which impeded the petitioner's efforts
to comply with the state's procedural rule.  *Coleman*, 501 U.S. at 753 (quoting
*Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

The third through seventh grounds of the petition can be summarized as
follows:

> 3.  Petitioner was denied due process of law and equal protection when
> Ohio Court of Appeals denied his Rule 26(B) application to reopen his
> appeal.
>
> 4.  Petitioner was denied due process of law and equal protection when
> appellate counsel provided ineffective assistance.
>
> 5.  Petitioner was denied due process of law and equal protection when
> appellate counsel provided ineffective assistance.
>
> 6.  Petitioner was denied due process of law and equal protection when
> appellate counsel provided ineffective assistance.
>
> 7.  Petitioner was denied due process of law and equal protection when
> trial counsel provided ineffective assistance, not protecting his double
> jeopardy rights by challenging his re-indictment.

(Doc. 1, § 12.)  The third ground, then, concerns the denial of his Rule 26(B)
application, grounds four through six allege ineffective assistance of appellate
counsel on various bases, and the seventh ground alleges ineffective assistance of
trial counsel.

## A.  Ineffective Assistance of Trial Counsel

As to the seventh ground, the respondent states that King's guilty pleas
waived his double jeopardy claims and challenges to his indictment.  Also, the

respondent points out that King never challenged his indictment or raised double

jeopardy claims in state court.  (Doc. 17, at 35.)

The first challenge is to determine the exact claim that King is asserting in

the seventh ground, which reads:

> Trial counsel and the prosecution violated Mr. King's right to be free
> from double jeopardy when the court dismissed the original
> indictment, then re-indicted Mr. King adding an additional charge
> using the same facts and evidence originally presented to the grand
> jury without objection from counsel violating his rights to the effective
> assistance of counsel and due process of law.  USCA 5, 6 & 14; OH
> CONST. ART. I, § 10, 16.

(Doc. 1, at 18.)  In the "underlying facts" portion of the grounds for relief, King

refers to the allegedly faulty indictment, his speedy trial rights, ineffective

assistance of appellate counsel, and prosecutorial misconduct.  Id.

Although the respondent focuses on the underlying claims of the additional

indictment and double jeopardy concerns, the court reads the seventh ground as

alleging ineffective assistance of trial counsel.  The court agrees, however, that the

seventh ground was procedurally defaulted.

Any ineffective-assistance claims that King could have asserted in his direct

appeal, but did not, are defaulted under the Ohio doctrine of res judicata.  Coleman,

244 F.3d at 538; Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233; Perry, 10 Ohio St.2d at

176, 226 N.E.2d at 105-106.  Res judicata will apply when a defendant who is

represented by new counsel on direct appeal, as King was, fails to raise the issue of

ineffective assistance of trial counsel.  Hicks v. Collins, 384 F.3d 204, 211 (6th Cir.

2004), cert. denied, 544 U.S. 1037 (2005); Monzo v. Edwards, 281 F.3d 568, 576-577 (6th Cir. 2002).  King did not raise ineffective assistance of counsel in his direct appeal.  (Doc. 17, RX 10.)

Although King raised the issue of ineffective assistance of trial counsel in his Rule 26(B) application to reopen his appeal (see, e.g., doc. 17, RX 21, at 10), that claim would not have been considered on its merits, but rather as an argument supporting ineffective assistance of appellate counsel (for not having raised the ineffective assistance of trial counsel claim).  Under Ohio law, a Rule 26(B) motion for reopening is limited to claims of ineffective assistance of appellate counsel.  Ohio R. App. P. 26(B)(1).  The state courts will not entertain other claims.  See State v. Goines, 74 Ohio St.3d 409, 410, 659 N.E.2d 787 (1996) (claimed errors not related to ineffective assistance of appellate counsel are disregarded); State v. Cook, No. WD-04-029, 2005 WL 1926517, at *4 (Ohio Ct. App. Aug. 10, 2005) (claim of ineffective assistance of trial counsel improper basis for Rule 26(B) motion); State v. Huber, No. 80616, 2003 WL 21419177, at *2 (Ohio Ct. App. June 18, 2003) (same).

The Ohio rule of res judicata satisfies the first three factors in Maupin.  Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which

13

impeded the petitioner's efforts to comply with the state's procedural rule.
Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488).

King does not show cause for the procedural default of his claim of ineffective assistance of trial counsel.  See generally doc. 20.  Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred. Williams, 460 F.3d at 807.  The seventh ground of the petition is procedurally defaulted.

### B.  Ineffective Assistance of Appellate Counsel

#### 1.  Untimely Application

The fourth, fifth, and sixth grounds of the petition allege ineffective assistance of appellate counsel, based on different underlying facts.  The respondent contends that these grounds have been defaulted, because King did not file a timely Rule 26(B) application, and the state court of appeals dismissed it as untimely filed, without cause or prejudice to excuse the late filing.  (Doc. 17, at 35-37; and RX 22; King, 2013 WL 2286261.)

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so."  Monzo, 281 F.3d at 578 (quoting State v. Williams, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)).  Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion to re-open the appeal before the Ohio Court of Appeals.  Monzo, 281 F.3d at 577 (citing State v. Murnahan, 63 Ohio St.3d 60, 584

14

N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St.3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam). King did not file a timely motion to re-open.

King filed a delayed application to reopen his appeal in state court. (Doc. 17, RX 21.) The Ohio court of appeals denied the application to reopen, because it was not timely filed, and the application did not set forth good cause for being untimely. The court pointed out that the appellate judgment was journalized on Sept. 13, 2012, and King did not file his application until Apr. 23, 2013. (Doc. 17, RX 22; King, 2013 WL 2286261.)

Rule 26(B)'s 90-day filing period is a state procedural rule applicable to King's claim, and the state court found that King failed to comply with the timely-filing provision. The state court enforced the procedural sanction by denying his application for reopening. The Sixth Circuit has found that this is an adequate state procedural ground. Smith v. Ohio, Dept. of Rehab. & Corr., 463 F.3d 426, 436 n.7 (6th Cir. 2006); Monzo, 281 F.3d at 577-578.

Any ineffective assistance claims that King could have properly asserted, but did not, are defaulted under the Ohio doctrine of res judicata. Jacobs, 265 F.3d at 417; Coleman, 244 F.3d at 538; Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106. If a petitioner is barred by a state procedural rule from raising a federal claim in

15

state court, he is not permitted to raise the issue in his habeas petition absent a showing of cause and prejudice.  Engle v. Isaac, 456 U.S. 107, 129 (1982); Wainwright, 433 U.S. at 86-87.

Application of the Ohio rule of res judicata satisfies the first three factors in Maupin.  Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

"Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule.  Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488).  King does not show cause for the procedural default of his claim of ineffective assistance of appellate counsel.  See generally doc. 20.  Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred. Williams, 460 F.3d at 807.

The petition cannot be granted on the basis of the fourth, fifth, and sixth grounds, ineffective assistance of appellate counsel, because the claims have been procedurally defaulted.

### 2.  Appeal of Denial of Rule 26(B) Application

The third ground of the petition is that King was denied due process of law and equal protection when Ohio Court of Appeals denied his Rule 26(B) application to reopen his appeal.  The respondent argues that this claim has also been

16

defaulted, by failing to raise the claim before the state supreme court.  (Doc. 17, at 37.)  As noted earlier, that assertion is factually incorrect.  King filed a Notice of Appeal, and a Memorandum in Support of Jurisdiction, to the Supreme Court of Ohio on July 5, 2013.  State v. King, No. 2013-1071 (filed July 5, 2013).  However, the court declined to accept jurisdiction of the appeal on Sept. 25, 2013.  (Doc. 1, PX 1; State v. King, 136 Ohio St.3d 1495, 994 N.E.2d 465 (Ohio 2013).)

A habeas petitioner is required to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  This requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  *Rust*, 17 F.3d at 160.

As discussed above, the state court of appeals denied King's Rule 26(B) application, finding it to be untimely filed, on May 22, 2013. (Doc. 17, RX 22; King, 2013 WL 2286261.)  King's first proposition of law in his appeal to the state high court was:  "The Eighth District Court of Appeals abused their discretion in denying Mr. King's application to reopen his appeal based on ineffective assistance of appellate counsel, violating his 5th, 6th and 14th [Amendment] rights."  State v. King, No. 2013-1071 (filed July 5, 2013) (memorandum in support).  This is the same claim before this court in the third ground of the petition, thus the court cannot find that it has been procedurally defaulted on the basis that the claim was not presented to the state supreme court.

17

Looking to the merits of the claim, however, an alleged abuse of discretion by the state court, without more, is not a constitutional violation.  Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001), cert. denied, 537 U.S. 831 (2002) (citing Sinistaj v. Burt, 66 F.3d 804, 808 (6th Cir. 1995)).  In addition, habeas relief cannot be granted for an alleged due process violation in a post-conviction proceeding because the claim relates to a state civil matter.  Roe v. Baker, 316 F.3d 557, 570-571 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003) (citing Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986)).

An application to reopen an appeal under Ohio App. Rule 26(B) is a civil, collateral post-conviction proceeding.  Morgan v. Eads, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004) (syllabus); see also Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005) (en banc), cert. denied, 547 U.S. 1099 (2006); Morgan, 104 Ohio St.3d at 147, 818 N.E.2d at 1162 (citing cases).  The Sixth Circuit has concluded that the Rule 26(B) application process does not give rise to any federal constitutional right cognizable on habeas, Lopez, 426 F.3d at 354, so it is unnecessary for the court to determine whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.  See also Storey v. Vasbinder, 657 F.3d 372, 380 (6th Cir. 2011), cert. denied, 132 S.Ct. 1760 (2012) (habeas writ's scope does not extend to state collateral proceedings); Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007)

18

(same); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir.), cert. denied, 519 U.S. 907 (1996) (citing cases).

The petition should not be granted on the basis of the third ground as the claim is not cognizable on federal habeas review.

In summary, the fourth, fifth, sixth, and seventh grounds of the petition should be denied as procedurally defaulted.  The court does not find that the third ground was defaulted, but finds the claim is not cognizable on federal habeas review.

## IV.  PLEA MADE UNKNOWINGLY

The second ground of the petition is that King was denied due process of law and equal protection when trial court did not inform him of a mandatory fine, thus misrepresenting the maximum possible sentence, rendering his guilty plea involuntary, unknowing and unwilling.

The court of appeals denied his claim, finding that:

> . . . the record shows that the trial court did provide the information about the mandatory fines at the very end of the plea hearing, defendant's pleas were knowingly, voluntarily, and intelligently made, and clearly demonstrates that defendant did not suffer prejudice as a result of the trial court's failure to provide the information concerning the mandatory fine at an earlier point in the plea hearing.

(Doc.17, RX 2, at [12]; King, 2012 WL 4018956, at *5.  See also RX 2, at [9]; King, 2012 WL 4018956, at *4 (plea made knowingly, intelligently, and voluntarily); and, tr., at 17, 20, 45 (mandatory fine).)

19

The Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid. Fitzpatrick v. Robinson, 723 F.3d 624, 639 (6th Cir. 2013), cert. denied, 134 S.Ct. 1939 (2014) (citing Brady v. United States, 397 U.S. 742, 748 (1970)); DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam), cert. denied, 544 U.S. 921 (2005) (citing Brady). Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980), cert. denied, 454 U.S. 840 (1981)); see also Fitzpatrick, 723 F.3d at 639.

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams, 529 U.S. at 412-413. King has not established that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law. The court does not find that the appellate court's ruling that the trial court satisfied the constitutional requirements for accepting the plea was contrary to, or involved an unreasonable application of, clearly established

20

federal law.  See generally doc. 17, tr., at 5-19.  The petition should not be granted on the basis of the second ground.

## V.  MOTION TO WITHDRAW GUILTY PLEA

The first ground of the petition is that King was denied due process of law and equal protection when trial court refused to allow him to withdraw his guilty plea.

The state court of appeals denied his claim, finding that King was represented by competent counsel at the time of his plea, and that there was nothing in the record to indicate that his plea was not made knowingly, intelligently, and voluntarily.  (Doc.17, RX 2, at [9]; King, 2012 WL 4018956, at *3-*4.)  The court pointed out that:

> The trial court conducted a thorough colloquy with defendant and advised him of each of his rights as well as the potential penalties for each offense.  The defendant stated that he understood the effect of his guilty plea and consequences, and he additionally stated that he committed the offenses.  In addition, defendant acknowledged that he was pleading guilty as his own choice, that he had not been pressured to enter into the plea, and that he was pleading guilty because he had committed the offenses.

(Doc.17, RX 2, at [9]; King, 2012 WL 4018956, at *4.)  The court of appeals also found that the trial court had reviewed the entire record before the hearing, and found the hearing itself to be thorough and impartial.  (Doc.17, RX 2, at [10]; King, 2012 WL 4018956, at *4.)

21

In any event, there is no federal constitutional right to withdraw a guilty plea.  Hynes v. Birkett, No. 10-1371, 2013 WL 1955886, at *5 (6th Cir. May 14, 2013); Dickey v. Warden, Lebanon Corr. Inst., No. 1:08CV819, 2010 WL 92510, at *7-*8  (S.D. Ohio Jan. 6, 2010) (citing cases); Breeden v. Beightler, No. 3:06CV3056, 2008 WL 1995367, at *13 (N.D. Ohio May 6, 2008) (citing United States ex rel. Scott v. Mancusi, 429 F.2d 104, 109 (2d Cir. 1970)).

In addition, this court lacks authority to adjudicate a claim that the state court abused its discretion by denying a motion to withdraw a guilty plea.  Xie v. Edwards, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (TABLE, text in WESTLAW) (whether trial court abused discretion in denying motion to withdraw plea is question of state law); Artiaga v. Money, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007).  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio Criminal Rule 32.1 is not properly before this court.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Akemon v. Brunsman, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. King has failed to demonstrate that the state court's actions were contrary to, or involved an unreasonable application of, clearly established federal law.

22

The petition should not be granted on the basis of the first ground.

## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied.  As to the first and second grounds of the petition, King has not established that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.  The third ground is not cognizable in federal habeas.

As discussed above, the fourth, fifth, sixth, and seventh grounds of the petition should be denied as procedurally defaulted.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:   Apr. 20, 2015               /s/ Kenneth S. McHargh
                                     Kenneth S. McHargh
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).