UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAEMON KING, | ) | CASE NO. 1:13 CV 2270 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | ORDER ADOPTING |
| | ) | MAGISTRATE'S REPORT AND |
| | ) | RECOMMENDATION |
| MAGGIE BRADSHAW, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation (ECF #24) of Magistrate Judge Kenneth S. McHargh issued on April 20, 2015. The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed by Petitioner, Daemon King, pursuant to 28 U.S.C. § 2254 (ECF #1) be dismissed with prejudice. Petitioner raised seven grounds for relief, summarized as:

    1. Petitioner was denied due process of law and equal protection when trial court refused to allow him to withdraw his guilty plea.

    2. Petitioner was denied due process of law and equal protection when trial court did not inform him of mandatory fine, rendering plea involuntary, unknowing, and unwilling.

    3. Petitioner was denied due process of law and equal protection when Ohio Court of Appeals denied his application to reopen his appeal.

    4. Petitioner was denied due process of law and equal protection when appellate counsel provided ineffective assistance.

    5. Petitioner was denied due process of law and equal protection when appellate counsel

provided ineffective assistance.

6. Petitioner was denied due process of law and equal protection when appellate counsel provided ineffective assistance.

7. Petitioner was denied due process of law and equal protection when trial counsel provided ineffective assistance.

The Magistrate Judge found that the petition could not be granted on the basis of the first or second ground because King has not established that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law. The Magistrate Judge found the claim under the third ground was not cognizable on federal habeas review. The Magistrate Judge found that the petition could not be granted on the basis of the fourth, fifth, sixth, or seventh grounds because the claims had been procedurally defaulted. Petitioner has filed no timely objection to the Magistrate Judge's Report and Recommendation.

## Standard of Review

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no

objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee states: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

### Conclusion

The Court has reviewed the Magistrate Judge's Report and Recommendation and, after careful evaluation of the record, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-supported, and correct. The Report and Recommendation (ECF #24) is ADOPTED.

The Petition for Writ of Habeas Corpus filed by Daemon Smith pursuant to 28 U.S.C. § 2254 is hereby dismissed with prejudice.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 19, 2015